UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNY BONILLA; and DIANA NAVARRO,

    Plaintiff,

v.                                             Case No. 6:22-cv-2335-RBD-DAB

CLEAR BLUE INSURANCE COMPANY,

    Defendant.
_____

## ORDER

This cause is before the Court *sua sponte*.

The Court previously ordered Defendant to show cause why this case should not be remanded due to deficient amount in controversy allegations. (Doc. 19 ("Show Cause Order").) Defendant did not respond to the Show Cause Order, but did respond to Plaintiffs' motion to remand the case based on similar arguments. (Docs. 17, 20, 21.)

Here, the insurance estimate at issue totals $71,111.07. (Doc. 20-1, p. 9.) Defendant argues that Plaintiffs' $2,500 deductible on their insurance policy and Defendant's prior payment to Plaintiffs for $1,021.33 should be added to that total. (Doc. 21, p. 2.) But this argument makes no sense. A deductible is taken out of what an insurance company owes its insured, not added on, so that could not possibly

be part of the amount in controversy on Plaintiffs' claim. *See Stefchack v. Geovera Specialty Ins. Co.*, No. 6:20-cv-1092, 2020 WL 6478527, at *3 (M.D. Fla. Aug. 26, 2020) (Conway, C.J.). Moreover, if Defendant already paid Plaintiff $1,021.33 on their claim, that amount by definition is *not in controversy*—and in any event, it would be subtracted from what Defendant may still owe Plaintiffs, not added on. So *at most*, the amount in controversy on the policy is $71,111.07.

Defendant argues that attorney's fees can make up the difference in the requisite amount. (Doc. 21.) But Defendant sets forth no evidence that the attorney's fees already incurred comes anywhere close to $3,800+, especially at this very early stage of the litigation. *See Progressive Am. Ins. Co. v. Anderson*, No. 5:17-cv-370, 2018 WL 3637550, at *4 (M.D. Fla. May 8, 2018), *adopted as modified on other grounds*, 2018 WL 3637551 (M.D. Fla. May 30, 2018) (collecting cases considering attorney's fees incurred at time of removal); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("[T]he jurisdictional facts that support removal must be judged at the time of the removal." (cleaned up)); *Stefchack*, 2020 WL 6478527, at *3. In fact, Defendant sets forth no evidence *at all* on the actual amount of fees. (*See* Doc. 21, p. 5.)

With the actual amount in controversy hovering around $71,000 and only speculation about the amount of fees, Defendant has failed to establish that this Court has diversity jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.

1996) ("The removal statute should be construed narrowly with doubt construed against removal."). This is but one of many examples of a garden variety homeowners insurance dispute that is better suited for resolution in state court. This strained attempt to meet the already far too low amount in controversy established by Congress for diversity cases must fail, in keeping with the Court's obligation to be vigilant in the invocation of federal subject matter jurisdiction. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case."). *See generally* Steven Gensler & Roger Michalski, *The Million-Dollar Diversity Docket*, 47 B.Y.U. L. Rev. 1653 (2022) (reflecting on the twenty-five years since Congress has raised the jurisdictional amount and analyzing an appropriate increase based on inflation and other factors).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Show Cause Order (Doc. 19) is **DISCHARGED**.
2. This case is *sua sponte* **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida for want of jurisdiction.
3. Plaintiffs' Motion to Remand (Doc. 17) is **DENIED AS MOOT**.
4. Defendant's Motion to Dismiss (Doc. 11) is **DENIED AS MOOT WITHOUT PREJUDICE** to renewal in state court.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 27, 2023.

ROY B. DALTON JR.
United States District Judge